121 N.J. Super. 506 (1972)
298 A.2d 74
ROBERT F. CATTO, AN INFANT, BY HIS GUARDIAN AD LITEM, GREGG CATTO, AND GREGG CATTO, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
HOWARD A. SCHNEPP, MAURICE RIVER TOWNSHIP, DEFENDANTS, AND CUMBERLAND COUNTY BOARD OF FREEHOLDERS, DEFENDANTS-RESPONDENTS,
v.
MAX BARBER, THIRD PARTY DEFENDANT. ROBERT F. CATTO, AN INFANT, BY HIS GUARDIAN AD LITEM, GREGG CATTO, AND GREGG CATTO, INDIVIDUALLY, PLAINTIFFS,
v.
HOWARD A. SCHNEPP, MAURICE RIVER TOWNSHIP (A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY), CUMBERLAND COUNTY BOARD OF FREEHOLDERS (THE GOVERNING BODY OF CUMBERLAND COUNTY), DEFENDANTS, AND MAURICE RIVER TOWNSHIP, (A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY), THIRD PARTY PLAINTIFF,
v.
HARLEYSVILLE MUTUAL INSURANCE COMPANY, AND AETNA CASUALTY AND SURETY COMPANY, THIRD PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1972.
Decided February 3, 1972.
*507 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Edward S. Miller argued the cause for appellant Maurice River Township (Messrs. Gant & Miller, attorneys).
Mr. James L. Cooper argued the cause for appellants Catto (Messrs. Cooper, Greenberg, Katzman & Todd, attorneys).
*508 Mr. Gerald M. Eisenstat argued the cause for defendant Howard A. Schnepp (Messrs. Shapiro, Brotman, Eisenstat & Capizola, attorneys).
Mr. Anthony D. Buonadonna argued the cause for respondent Cumberland County Board of Freeholders (Messrs. Tuso and Gruccio, attorneys).
Mr. Samuel Adler argued the cause for respondent Harleysville Mutual Insurance Company (Mr. Michael Brooke Fisher, Associate, on the brief).
Mr. Jay H. Greenblatt argued the cause for respondent Aetna Casualty and Surety Company (Messrs. Greenblatt & Greenblatt, attorneys).
PER CURIAM.
Plaintiff Robert F. Catto obtained a judgment of $1,000,000 against defendants Maurice River Township and Schnepp for personal injuries sustained in an automobile accident. The jury awarded Catto's father some $37,000 additional for expenses generated by his son's injuries.
The accident occurred shortly after 6 A.M., just before daylight on the morning of March 24, 1967. The pavement was still wet from a rain that had fallen during the night. Plaintiff Catto was heading east on Stage Coach Road in Maurice River Township as he approached a curve. Had he completely negotiated the curve, his car would have faced in a southerly direction. Defendant Schnepp's car, coming from the opposite direction, was traveling north as he entered the same curve. According to Schnepp's co-worker, who was riding in a car behind the Schnepp vehicle, Schnepp was traveling about 50 to 55 m.p.h. As Schnepp's car went into the curve it slid down the banked portion of the curve into the lower, opposite lane of travel. It had apparently spun around so that its rear struck the front of plaintiff's car.
Plaintiff testified that, because of the condition of the curve, he slowed down to 25 or 30 m.p.h. He observed the *509 Schnepp vehicle begin to lose control. He related that he applied his brakes and pulled to the right shoulder to give the Schnepp vehicle room; that the latter skidded to the left and then spun into his car "head-on." The officer investigating the accident immediately afterwards found 99 feet of tire marks leading to the Schnepp car. He expressed the view that the marks were not the type of skid marks which would come from a vehicle braking to a sudden halt; and that both tires were smooth of tread  the left had approximately one foot of canvas showing through the rubber.
Plaintiff urged that the accident was at least the joint responsibility of Schnepp and the Township. Plaintiff's theory of liability on the part of defendant-township was that Stage Coach Road, originally a Township Road, was improperly designed and constructed so as to be an efficient producing cause of the accident. Plaintiffs maintained that the defective condition constituted a nuisance for which the Township remained liable notwithstanding transfer of control to Cumberland County some five years before the accident. They also asserted liability on the part of the County on the theory of nuisance because it took over control of a defectively constructed road and failed to maintain it in a safe condition.
As we understand it, the asserted specific defect in the design and construction consisted in having too sharp a curve without adequate banking in view of the dip which existed in the highway at that point.
The trial court granted summary judgment in favor of the defendant County. It also granted summary judgment in favor of third-party defendants, Harleysville Mutual Insurance Company and Aetna Casualty and Surety Company. Defendant Township had instituted third-party actions seeking to hold the insurance companies responsible under insurance policies issued by them to the Township.
Defendant Township appealed as to all defendants. Defendant Schnepp appealed from that part of the judgment relieving the County of responsibility.
*510 The township engineer testified that in 1958 the Township redesigned and reconstructed the road in accordance with plans prepared by himself and approved by the Township Committee and by the State Highway Department Engineer. The Township received 90% of the cost of the reconstruction from the State.
The township engineer related that when he redesigned the road he followed certain standards with respect to the design of the curve where the accident happened; that these criteria were contained in a "blue book,"; known as "A Policy on Geometric Design of Rural Highways," and that at the time of the accident there was a posted sign indicating the existence of the curve, but none indicating a change in the grade or that a decrease in speed was necessary. He stated that the highway had a macadam surface and that in order to reduce the severity of the dip in the curve all that was necessary was to put in additional fill when the road was reconstructed. He testified that the Township could have reduced the degree of the curve by utilizing the balance of the right-of-way so as to make the curve less sharp.
Plaintiffs' expert testified that a car traveling in a Northerly direction, as was Schnepp's car, encounters a tight curve to the left, the radius of which was about 630 feet; that the road is banked rather steeply with the effect of causing a person on the passenger side of the vehicle to be higher than the driver; and that about 100 feet into the curve there is a dip in the road. He expressed the opinion that the road was "definitely below the standard for such construction," and that a sign limiting the speed to 40 m.p.h. should have been posted at the curve. In his view the curve could not be negotiated safely at a speed in excess of 40 m.p.h.
Our examination of the record convinces us that the Township's conduct involving the design and reconstruction of the road in question was one "resting in the discretionary judgment of the governing authority." These actions are not subject to judicial review within the doctrine enunciated in Willis v. Department of Conservation and Economic *511 Development, 55 N.J. 534 (1970). See, Hughes v. County of Burlington, 99 N.J. Super. 405 (App. Div. 1968), certif. denied 51 N.J. 575 (1968). This is so whether the action is couched in language of nuisance or negligence. Therefore such conduct may not be the basis for predicating liability against defendant Township.
Since we have concluded that the Township is not liable, the County must also be relieved of responsibility. The duties allegedly breached by the County are essentially the same as those charged against the Township. No independent liability can attach for failure to post a speed limit or other warning sign or for failure to maintain the roadway in a safe condition since these activities also are cloaked with immunity as resting within the discretionary judgment of the governing authority. Fitzgerald v. Palmer, 47 N.J. 106 (1966).
Furthermore, we entertain considerable doubt whether the evidence adduced by plaintiffs established a chain of causation between plaintiff's injury and conduct on the part of the Township or the County. It is elementary that a party cannot recover on a theory of negligence unless that party presents some evidence tending to show that the act of negligence was the proximate cause of the party's injuries, or, in the case of more than one tortfeasor, that the conduct of that party was a substantial factor in contributing thereto. Kulas v. Public Service Elec. & Gas Co., 41 N.J. 311, 317 (1964); Ellis v. Caprice, 96 N.J. Super. 539 (App. Div. 1967), certif. den. 50 N.J. 409 (1967)
Attributing every favorable inference to plaintiff's evidence, the jury could conclude that: (1) there was a two-car collision; (2) defendant Schnepp lost control of his car which slid down the banked portion of the highway and collided with plaintiff; (3) that the strip of road upon which the accident occurred was defectively designed by defendant Township and that the defective design could result in the driver having difficulty in controlling his car.
*512 Plaintiffs were required to show that loss of control of the car was a result of a defective condition of the road. This was a crucial element of proof and a prerequisite to liability on the part of the Township and County. Here loss of control could well have been attributed to any number of reasons, such as falling asleep at the wheel, inattention, mechanical problems or defective condition of the tires. In the present case there does not appear to be present any evidence linking Schnepp's loss of control with the defective condition as testified to by plaintiffs' expert.
We observe that the photographs in the appendix show quite clearly the nature of the curve of the highway, the extent of the grade and dip in the road. They also indicate the extent to which the road is banked at the point where the accident occurred. Common experience tells us that this type of condition reoccurs many times over in roads throughout this State and elsewhere. Against this factual background and the vagueness of the expert evidence as to causal relationship between the alleged defective design and the accident, the following quotation from Hughes v. County of Burlington, supra would seem to be particularly apt:
In the area of highway safety, at least, it has long been the settled view, and an eminently justifiable one, that courts should not be permitted to review determinations of governmental planning bodies under the guise of allowing them to be challenged in negligence suits; something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public. Hughes v. County of Burlington, 99 N.J. Super. at 412, quoting Weiss v. Fote, 7 N.Y.2d 579, 200 N.Y.S.2d 409, 167 N.E.2d 63 at p. 67.
This observation also appears to lend support to the appropriateness of applying the governmental immunity doctrine to this type of activity.
The judgment against defendant Maurice River Township is reversed. In all other respects, the judgment appealed from is affirmed. No costs.