139 N.J. Super. 383 (1976)
354 A.2d 109
ESTATE OF ROSE KINGAN, DEC'D, JOSEPH KINGAN, EXECUTOR OF THE ESTATE OF ROSE KINGAN, DEC'D. PLAINTIFF,
v.
ESTATE OF ESTHER O. HURSTON, DEC'D, MAXWELL HURSTON, JOHN DOE, ADMINISTRATOR OF THE ESTATE OF ESTHER O. HURSTON, DEC'D, JOHN DOE, EXECUTOR OF THE ESTATE OF ESTHER O. HURSTON, DEC'D, GUSTAVE C. TAYLOR, JOHN DOE, PERSONAL REPRESENTATIVE OF THE ESTATE OF ESTHER O. HURSTON, DEC'D, AND KOWALSKY'S EXPRESS SERVICE, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 11, 1976.
*384 Mr. Harry R. Adler for plaintiff.
Mr. Michael A. Orlando for defendant Maxwell Hurston, individually and as executor of the estate of Esther O. Hurston (Messrs. Orlando, Forgash & Slimm, attorneys).
MILLER, J.C.C., Temporarily Assigned.
Defendant seeks to add the City of Millville and County of Cumberland as third-party defendants in this law suit. Interlocutory appeal has been requested. In view of this the following comments are made.
Defendant alleges, first, that a prior decision of this court in Cancel v. Watson, 131 N.J. Super. 320 (Law Div. 1974), is incorrect, relying upon Markey v. Skog, 129 N.J. Super. 192 (Law Div. 1974), and further, assuming Cancel to have been correct when written, legislative changes in the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. have rendered Cancel obsolete. It is true there have been such changes. This argument overlooks the fundamental philosophy of Cancel and is particularly inapplicable because such legislative changes did not eliminate the notice requirement. N.J.S.A. 59:8-9. There is no sense in the Legislature carefully prescribing that a notice be given to governmental agencies if the courts can emasculate the statute's intent by judicial construction.
*385 Moreover, an examination of the third-party complaint sought to be filed in this case discloses the thrust of such complaint is the failure of the municipality and county to design, construct and maintain the respective roadway, resulting in a hazardous area which prevented plaintiff from having a reasonable area of vision in order to observe approaching traffic. This type of suit is specifically interdicted by the statute, N.J.S.A. 59:2-3(a) and 3(c). It would appear useless to permit the third-party complaint to be filed which must necessarily be stricken on a proper motion for summary judgment. See Catto v. Schnepp, 121 N.J. Super. 506 (App. Div. 1972), aff'd 62 N.J. 20 (1972), and the cases cited in Cancel, supra 131 N.J. Super. at 326.