**Joseph MORAN, Plaintiff,**

v.

**PFIZER, INC., Defendant.**

**No. 99 CIV 9969 WHP.**

United States District Court, S.D. New York.

March 28, 2001.

■■■■■■■■■

Ronald R. Benjamin, the Law Offices of Ronald R. Benjamin, New York City, for Plaintiff.

Steven Glickstein, Kaye, Scholer, Fierman, Hays & Handler, L.L.P., New York City, for Defendant.

## ORDER

PAULEY, District Judge.

Plaintiff Joseph Moran ("Moran") brings this products liability action against defendant Pfizer, Inc. ("Pfizer") for failure to warn that "Viagra" could cause plaintiff to see blue lightning streaks. Pfizer moves for summary judgment on the grounds that plaintiff has failed to demonstrate causation. In the alternative, defendant moves for partial summary judgment on plaintiff's claims for negligence, gross negligence and punitive damages. Plaintiff moves for reconsideration of Magistrate Judge Pitman's denial of plaintiff's motion to compel the deposition of Food and Drug Administration ("FDA") employee Dr. Wiley Chambers. The FDA opposes that motion as untimely.

## BACKGROUND

Plaintiff is a 53 year-old resident of New Jersey. While he claims that he does not suffer from erectile dysfunction, in 1998, he sought to enhance his virility. To that end. plaintiff obtained a prescription for Viagra from a doctor in Summit, New Jersey. (Def. Rule 56.1 Stmt. ¶ 2.) Viagra is a drug manufactured by Pfizer, a New York corporation with its principal place of business in New York. Plaintiff filled his prescription for Viagra at a pharmacy in New Jersey. (Def. Rule 56.1 Stmt. ¶ 2.)

On July 1, 1998, in preparation for a romantic encounter with a woman, plaintiff ingested Viagra. Around 1:00 the next morning, after the tryst, plaintiff left in his car. While stopped at a traffic light, plaintiff saw "blue haze and a blue spot" before his eyes, which looked like a camera flash. (Pl. Rule 56. 1 Stmt. ¶ 2.) Shortly thereafter, plaintiff got into a car accident in Plainfield, New Jersey. (Def. Rule 56.1 Stmt. ¶ 5.) Plaintiff, who was alone in his car at the time, struck two parked cars several hundred feet apart and came to rest against a tree on the opposite side of the road. (Def.'s Rule 56.1 Stmt. ¶ 6.) There were no eyewitnesses to the accident and plaintiff does not remember how it occurred. (Def.'s Rule 56.1 Stmt. ¶¶ 7, 11; Leskin Aff. Ex. A(1): Moran Dep. at 197–98.) The last thing plaintiff remembers is reaching for a cassette tape in the car radio and seeing "blue lightning streaks" shooting from his fingers to the cassette. (Pl.'s Rule 56.1 Stmt. ¶ 1.)

As a result of the crash, plaintiff sustained cuts and bruises on his body and his car was damaged. Plaintiff argues that defendant is liable for the car crash because Viagra caused him to see the blue streaks emanate from his fingers. Defendant argue that there is no evidence that Viagra causes blue lightning streaks, but even if Viagra could cause lightening streaks, plaintiff cannot show that the streaks were the probable cause of the accident.

## DISCUSSION

### I. *Causation*

■■■ The parties agree that New Jersey law applies to this case. "In any products liability action, a plaintiff must first demonstrate so-called product-defect causation-that the defect in the product was a proximate cause of the injury.'" *James v.*

*Chevron,* 301 N.J.Super. 512, 694 A.2d 270, 277 (1997) (quoting *Coffman v. Keene Corp.,* 133 N.J. 581, 628 A.2d 710, 716 (1993)). Where the alleged defect is a failure to provide warnings, this product-defect causation element requires the plaintiff "to prove that the absence of a warning was a proximate cause of his harm." *James,* 694 A.2d at 277. *See also Molino v. B.F. Goodrich Co.,* 261 N.J.Super. 85, 617 A.2d 1235 (1992), *cert. denied,* 134 N.J. 482, 634 A.2d 528 (1993).

Laypeople could not be expected to have sufficient knowledge or experience about whether Viagra can cause visual disturbances, and plaintiff has not offered any expert testimony to support his claim that Viagra caused him to see lightening streaks. Plaintiff argues that he does not need expert testimony because it is undisputed Viagra can cause vision to be tinted blue-green in 3% of patients. However, plaintiff does not allege that his vision was tinted blue-green, and evidence that Viagra can cause a patient's vision to be tinted is not sufficient to demonstrate that it can cause a patient to see blue lightening streaks.

Plaintiff also argues, based on an online article, that the Federal Aviation Administration ("FAA") recommends that pilots avoid taking Viagra within six hours of flying because Viagra can cause a patient to have difficulty distinguishing between blue and green, colors that are used extensively in airport lighting and cockpit instrumentation. (Benjamin Aff. Ex. 5.) Even if the online article was admissible, which it is not, *see* Fed.R.Evid. 802, plaintiff does not claim that he was unable to distinguish between blue and green. Moreover, contrary to plaintiff's theory of causation, the FDA concluded that "vision abnormalities ... appear to be nuisances of short duration, sufficient to be dose-limiting, but they are not safety concerns.

In particular, the vision disturbance has been fairly well characterized, and it does not appear to pose a risk to men operating motor vehicles or other heavy equipment." (Leskin Aff. Ex. B: Center for Drug Evaluation and Research, Viagra, Joint Clinical Review for NDA–20–895 ¶ 8.3.)

Plaintiff's failure to offer any admissible evidence demonstrating that Viagra can cause the product defect he complains of is fatal to his claims for defective product, failure to warn and negligence.

Further, even if plaintiff could demonstrate that Viagra caused him to see blue lightening streaks, he cannot establish that they were the proximate cause of the accident. While plaintiff does not have to establish that Viagra was the sole cause of the accident, he must demonstrate that it was "a substantial factor in causing the harm alleged." *Thorn v. Travel Care, Inc.,* 296 N.J.Super. 341, 686 A.2d 1234, 1237 (App.Div.1997). Here, Plaintiff confesses that he does not remember anything about the accident. *See Borgognone v. Trump Plaza,* No. 98–CV–6139 (ILG), 2000 WL 341135, at *8–9 (E.D.N.Y. Mar. 9, 2000) (applying New Jersey negligence law and granting defendant's motion for summary judgment for lack of proof of causation where plaintiff could not recall the accident). Moreover, plaintiff admits that the last thing he remembers is looking at the cassette deck instead of looking at the road. He told the first person who arrived at the accident scene—a police officer—that he was very tired, and there is some dispute as to whether plaintiff told his insurance company that the accident was caused by his arm jamming in the seatbelt. Plaintiff cannot show that seeing the blue lightning streaks more likely caused the accident than any of the other possible causes. *See Catto v. Schnepp,* 121 N.J.Super. 506, 298 A.2d 74, 77 (App.Div.) (granting defendant's motion for summary

**512**

judgment where plaintiff could not show that loss of control of his car was a result of defective condition in the road, because loss of control "could well have been attributed to any number of reasons, such as falling asleep at the wheel, inattention, mechanical problems or defective condition of the tires"), *aff'd,* 62 N.J. 20, 297 A.2d 841 (1972).

■ Pure speculation is not a sufficient ground for a jury to find defendant liable. *See Restatement (Second) Of Torts* § 433B cmt. 1 (1965) ("[T]he plaintiff is required to produce evidence that the conduct of the defendant has been a substantial factor in bringing about the harm he has suffered, and to sustain his burden of proof by a preponderance of the evidence. This means that he must make it appear that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the harm. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.")

Because plaintiff cannot demonstrate that Viagra causes the defect of which plaintiff complains or that the alleged defect proximately caused plaintiff's car accident, defendant's motion for summary judgment is granted.

II. *Plaintiff's Motion for Reconsideration*

■ Included in plaintiff's opposition to defendant's motion for summary judgment is a "motion for reconsideration" of Magistrate Judge Pitman's August 4, 2000 Order denying plaintiff's motion to compel the deposition of Food and Drug Administration employee Dr. Wiley Chambers. The Court construes that motion as an objection to Judge Pitman's Order. Since the objection was filed more than ten days after Judge Pitman's decision was served and docketed, it is untimely and cannot be considered. *See* Fed.R.Civ.P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's [nondispositive] order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.")

### CONCLUSION

Defendant's motion for summary judgment is granted and plaintiff's "motion for reconsideration" is denied. The clerk is directed to enter judgment for defendant and to close this case.