**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1099-19

EARTHA BUTLER,

     Plaintiff-Respondent,

v.

BADR SCHOOL,

     Defendant/Third-Party
     Plaintiff-Appellant,

and

JERSEY CITY MOSQUE-
JAMAET IBAD EL-RAHMAN,

     Defendant,

v.

NORTH AMERICAN ISLAMIC
TRUST INC.,

     Third-Party Defendant,

and

CITY OF JERSEY CITY,

Third-Party Defendant-
Respondent.

_____

Submitted December 2, 2020 - Decided  February 9, 2021

Before Judges Ostrer, Vernoia, and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Hudson County, Docket No. L-1882-19.

McGivney, Kluger, Clark & Intoccia, PC, attorneys for
appellant (Derrick A. Grant, of counsel and on the
briefs).

Peter J. Baker, Corporation Counsel, attorney for
respondent City of Jersey City (Maura E. Connelly,
Assistant Corporation Counsel, on the brief).

PER CURIAM

In this personal injury negligence action, defendant/third-party plaintiff

Badr School (Badr) appeals from orders dismissing its third-party complaint for

indemnification and contribution against third-party defendant City of Jersey

City (City) and denying its motion to deem timely its filing of a notice of tort

claim on the City or, in the alternative, for leave to file a late notice of tort claim

under the New Jersey Tort Claims Act (TCA), 59:1-1 to 12-3.  We affirm.

I.

Plaintiff Eartha Butler alleges that on March 18, 2018, she sustained

injuries after tripping and falling on a sidewalk adjacent to Badr's Jersey City

2

private school.[1]  Badr was unaware of plaintiff's putative claim until seven months later, when it received an October 18, 2018 letter from plaintiff's counsel.  Badr served an October 31, 2018 notice of tort claim on the City.  The notice informed the City of plaintiff's claim and advised that Badr intended to seek contribution and indemnification from the City in any action filed by plaintiff.  The City received Badr's notice of tort claim on November 5, 2018.

On May 10, 2019, more than one year after she allegedly fell and was injured, plaintiff filed a complaint against Badr and other defendants.[2]  Plaintiff did not assert a claim against the City.  Badr filed an answer and a third-party complaint asserting indemnification and contribution claims against the City.

The City moved to dismiss the third-party complaint, arguing Badr failed to timely serve a notice of tort claim in accordance with the TCA's requirements.  Badr cross-moved for an order deeming its October 31, 2018 notice of tort claim

---

[1]  Plaintiff did not participate in this appeal.  Her complaint and amended complaint alleged that she fell and was injured on March 18, 2018; her counsel's October 18, 2018 letter to Badr asserts that the date of the incident was March 8, 2018; and the court found plaintiff's claim accrued on March 8, 2018. Resolution of the conflict between the dates is unnecessary to a determination of the issues on appeal.

[2]  The complaint and amended complaint also asserted claims against two other entities, neither of which is a party to this appeal.

A-1099-19

timely or, in the alternative, for leave to file a late notice of claim pursuant to N.J.S.A. 59:8-9.

After hearing argument, the court granted the City's motion to dismiss the third-party complaint. In its opinion from the bench, the court found that March 8, 2018—the date plaintiff allegedly fell and was injured—was the accrual date for claims subject to the TCA's requirements. Relying on the Supreme Court's decision in Jones v. Morey's Pier, Inc., 230 N.J. 142 (2017), the court concluded that Badr's notice of tort claim was untimely under N.J.S.A. 59:8-8 because it was not served within ninety days of the accrual of plaintiff's claims. For the same reason, the court denied Badr's cross-motion to deem the October 31, 2018 notice of claim timely filed. The court also denied Badr's cross-motion in the alternative for leave to serve a late notice of claim because the cross-motion was filed more than one year after the March 2018 accrual date of plaintiff's claim under the TCA.

The court entered an order granting the City's motion to dismiss Badr's third-party complaint. Two weeks later, the court entered an order denying Badr's cross-motion. Badr appeals from the court's orders.

4

## II.

The order denying Badr's motion for leave to file a late notice of claim is a final order that is appealable as of right. See R. 2:2-3(a)(3) (providing that "[a]n order granting or denying a motion to extend the time to file a notice of tort claim pursuant to N.J.S.A. 59:8-9 . . . shall . . . be deemed a final judgment of the court for appeal purposes"). The order denying Badr's motion in the alternative to deem the late notice of claim timely is not a final order appealable as of right because it does not fall within the otherwise interlocutory orders Rule 2:2:-3(a)(3) defines as final for purposes of appeal. Similarly, the order granting the City's motion to dismiss the complaint based on Badr's failure to file a timely notice of claim does not fall within Rule 2:2-3(a)(3)'s definition of a final order appealable as of right, and is an interlocutory order because it does not finally resolve all claims as to all parties. See Silviera-Francisco v. Bd. of Educ. of Elizabeth, 224 N.J. 126, 136 (2016) (explaining that in a multi-party case, "an order . . . dismissing all claims against one of several defendants is not a final order subject to appeal as of right"). Appeals from interlocutory orders shall be heard only upon leave granted. R. 2:2-4.

Badr did not move for leave to appeal from the court's interlocutory orders denying its motion to deem the October 31, 2018 notice of appeal timely and

granting the City's motion to dismiss the third-party complaint. However, we find good cause to consider the interlocutory orders because they are inexorably intertwined with the court's final order denying Badr's motion for leave to file a late notice of claim. The City does not challenge the propriety of Badr's appeal from the interlocutory orders or claim any prejudice. We therefore deem Badr's notice of appeal a motion for leave to appeal from the interlocutory orders, and we grant the motion. See R. 2:4-4(b)(2); see also N.J. Mfrs. Ins. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 358-59 (App. Div. 2009) (treating a notice of appeal from an interlocutory order as a motion for leave to appeal and granting the motion because the appeal was timely filed and the respondent demonstrated no prejudice).

We review an order granting or denying a motion for leave to file a late notice of claim under the abuse of discretion standard. O'Donnell v. N.J. Tpk. Auth., 236 N.J. 335, 344 (2019). "[A]n abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. R.Y., 242 N.J. 48, 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). A court's interpretation and application of the TCA to undisputed facts is a legal determination that we review de novo. Jones, 230 N.J. at 153.

A-1099-19

The TCA "provides 'broad but not absolute immunity for all public entities,'" id. at 154 (quoting Marcinczyk v. N.J. Police Training Comm'n, 203 N.J. 586, 597 (2010)), and its "'guiding principle' is 'that immunity from tort liability is the general rule and liability is the exception,'" O'Donnell, 236 N.J. at 345 (quoting D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 134 (2013)).

The TCA defines the circumstances when a plaintiff may bring tort claims against public entities, see D.D., 213 N.J. at 133-34, and it "establishes the procedure by which claims may be brought," Rogers v. Cape May Cnty. Off. of Pub. Def., 208 N.J. 414, 420 (2011) (quoting Beauchamp v. Amedio, 164 N.J. 111, 116 (2000)). The TCA requires that a plaintiff asserting tort claims against a public entity must first serve the entity with a notice of the claim within ninety days of the accrual of the claim. See N.J.S.A. 59:8-8; see also O'Donnell, 236 N.J. at 345. The notice of claim requirement applies to a plaintiff's tort claims, a defendant's cross-claims, and any third-party tort claims against the public entity. Jones, 230 N.J. at 154, 157-58.

The TCA's requirements are "strictly construed." McDade v. Siazon, 208 N.J. 463, 474 (2011) (quoting Gerber ex rel. Gerber v. Springfield Bd. of Educ., 328 N.J. Super. 24, 34 (App. Div. 2000)). A plaintiff who fails to timely serve

A-1099-19

a notice of tort claim "shall be forever barred from recovering against a public entity." N.J.S.A. 59:8-8. The harshness of N.J.S.A. 59:8-8's ninety-day requirement, however, is in part alleviated by N.J.S.A. 59:8-9, Rogers, 208 N.J. at 420-21, which "permits a court to allow a plaintiff to file a late notice of claim under 'extraordinary circumstances,' if the motion is made within one year of the accrual of the claim," id. at 427 (quoting Lowe v. Zarghami, 158 N.J. 606, 613 (1991)); see also O'Donnell, 236 N.J. at 345-46. "After the one-year limitation has passed, the court is without authority to relieve a plaintiff from his [or her] failure to have filed a notice of claim, and a consequent action at law must fail." Pilonero v. Twp. Of Old Bridge, 236 N.J. Super. 529, 532 (App. Div. 1989) (quoting Speer v. Armstrong, 168 N.J. Super. 251, 255 (App. Div. 1979)); see also J.P. v. Smith, 444 N.J. Super. 507, 529 (App. Div. 2016) (holding a claimant was "absolute[ly] bar[red]" from recovering against a public entity because the claimant did not file a tort claim notice within ninety days of the claim's accrual and did not move for leave to file a late notice of claim within the one-year limitation period).

Filing "a late notice of claim with a[] [public] entity without leave of court is a nullity and does not constitute substantial compliance with" N.J.S.A. 59:8-9. Rogers, 208 N.J. at 427 (quoting Margolis & Novack, Claims Against Public

Entities, comment on N.J.S.A. 59:8-9 (2011)); see also Priore v. State, 190 N.J. Super. 127, 130 (App. Div. 1983), overruled on other grounds, Moon v. Warren Haven Nursing Home, 182 N.J. 507 (2005).

To determine whether a notice of tort claim is timely filed in accordance with N.J.S.A. 59:8-8, a court must first find "the date on which the claim accrued." Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 133-34 (2017). N.J.S.A. 59:8-1 provides that under the TCA "accrual shall mean the date on which the claim accrued," but the TCA does not otherwise "define the date of accrual in any significant way." Beauchamp, 164 N.J. at 116. As the Court has noted, however, the comment to N.J.S.A. 59:8-1 explains that "the term accrual of a cause of action shall be defined in accordance with existing law in the private sector." Ibid. (citation omitted).

The Court has further recognized that private sector law "holds that a claim accrues on the date on which the underlying tortious act occurred," and that the "same common law allows for delay of the legally cognizable date of accrual when the victim is unaware of his [or her] injury or does not know that a third party is liable for the injury." Ben Elazar, 230 N.J. at 134. Thus, the Court has applied the discovery rule to determine the date of accrual of a claim under the TCA, ibid., and held that the accrual date for a claim under the TCA

"is tolled from the date of the tortious act or injury when the injured party either does not know of his [or her] injury or does not know that a third party is responsible for the injury," ibid. (citing McDade, 208 N.J. at 475).

Badr's October 31, 2018 notice of claim was received by the City on November 5, 2018, more than seven months after plaintiff fell and was injured on a City sidewalk. Badr contends that its notice of claim was timely under N.J.S.A. 59:8-8 because it did not know, and had no reason to know, about plaintiff's fall and injuries, or that it had a potential claim for indemnification and contribution against the City, until it received plaintiff's counsel's October 18, 2018 letter. Relying on the discovery rule, Badr argues the court erred by failing to deem its notice of tort claim timely and by dismissing its third-party complaint seeking indemnification and contribution. Badr claims it filed the notice within days of discovering, and first having any reason to discover, its possible claims for contribution and indemnification against the City.

The motion court correctly rejected Badr's argument because it is inconsistent with, and contradicted by, the Court's reasoning and holding in Jones. In Jones, a child was fatally injured at an amusement park while on a trip organized by the public school she attended. 230 N.J. at 147. Neither the amusement park nor the plaintiffs—the child's parents and administrators of her

estate—filed a notice of claim with the public entity within ninety days of the accident and the child's death as required by N.J.S.A. 59:8-8. Id. at 147-48, 150.

The plaintiffs filed a complaint more than a year following the incident, but they did not assert a claim against the public entity school. Ibid. The named defendants filed a third-party complaint asserting contribution and indemnification claims against the school. Id. at 148. The school moved for summary judgment on the third-party claims, arguing the defendants failed to file a notice of claim within ninety days of the incident in accordance with N.J.S.A. 59:8-8. Ibid. The trial court denied the school's motion, finding "N.J.S.A. 59:8-8 does not apply to contribution or common-law claims asserted by defendants against public entities," and the Supreme Court granted the school's motion for leave to appeal. Ibid.

The Court reversed, finding that defendants filing tort claims against public entities must "serve a notice of claim within ninety days of the date on which the cause of action accrues." Ibid. More importantly, the Court found that N.J.S.A. 59:8-8 "is expansively phrased," does "not distinguish between a plaintiff's claim and a defendant's cross-claim or third-party claim against a public entity," and does "not exempt from the tort claims notice requirement a

A-1099-19

defendant's claim for contribution and indemnification, or any other category of claims." Id. at 157.

The Court also rejected the argument Badr makes here—that under the TCA the accrual of a defendant's claims for contribution or indemnification occurs when the defendant first learns of, or has reason to know of the plaintiff's claim, and concomitantly first learns or has reason to know it has a contribution or indemnification claim against the public entity. Ibid. The Court reasoned that it would "undermine the Legislature's intent" to interpret N.J.S.A. 59:8-8 "to permit a defendant to assert a contribution or indemnification claim against a public entity or employee months or years after the plaintiff's claim accrued." Ibid. (emphasis added). Thus, the Court determined the accrual of a claim against a public entity under N.J.S.A. 59:8-8 occurs on the date the plaintiff's claim accrues, and not, as Badr claims, the date the defendant first knows or has reason to know it has a contribution or indemnification claim arising from the plaintiff's accident and injuries. Ibid. The Court "concur[red] with the analysis" in two Law Division decisions interpreting "N.J.S.A. 59:8-8 to bar all claims, including contribution and indemnification claim, where the claimant failed to serve" a notice of tort claim within ninety days of the plaintiff's accrual of the plaintiff's cause of action. Id. at 156 (first citing Est. of Kingan v. Est. of

A-1099-19

Hurston, 139 N.J. Super. 383, 384-85 (Law Div. 1976); and then citing Cancel v. Watson, 131 N.J. Super. 320, 322 (Law Div. 1974)).

The Court also recognized that its interpretation of N.J.S.A. 59:8-8 may "deprive a defendant of its right to pursue a claim against a joint tortfeasor before the defendant is aware that the claim exists," id. at 158, and that "a defendant 'may not even learn that he [or she] has a potential contribution claim within [the ninety-day] period [under the statute], since the plaintiff may not file suit until well after the [ninety]-day period,'" ibid. at 158 (quoting S.P. v. Collier High Sch., 319 N.J. Super. 452, 475 (App. Div. 1999)). Nonetheless, the Court determined N.J.S.A. 59:8-8 requires that a defendant asserting a claim for indemnification or contribution against a public entity file a notice of claim within ninety days of the accrual of the plaintiff's claim. Id. at 148, 157-58.

The Court explained that a defendant who fails to serve a timely notice of a crossclaim for contribution or indemnification in accordance with N.J.S.A. 59:8-8 is not without a remedy at trial. Id. at 164-66. A defendant may seek an allocation of fault against the public entity under the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 to -5.8, and the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 to -5, and obtain "'a fair apportionment of damages as among

joint defendants in accordance with the factfinder's allocation of fault." Id. at 164-65 (quoting Erny v. Est. of Merola, 171 N.J. 86, 99 (2002)).

Under the Court's reasoning in Jones, Badr's notice of claim was not timely filed in accordance with N.J.S.A. 59:8-8 because it did not file the notice within ninety days of the accrual of plaintiff's cause of action. Id. at 156-58. Badr also failed to move for leave to file a late notice of claim within one year of the accrual of plaintiff's claim in accordance with N.J.S.A. 59:8-9, and, as a result, the motion court was "without authority" to grant Badr's motion to file a late notice.[3] Pilonero, 236 N.J. Super. at 532 (quoting Speer, 168 N.J. Super. at 255); see also J.P., 444 N.J. Super. at 529. As the Supreme Court held in Jones, where a defendant fails to "serve a timely notice of claim on a public entity pursuant to N.J.S.A. 59:8-8 and is not granted leave to file a late notice . . . under N.J.S.A. 59:8-9, the [TCA] bars that defendant's cross-claim or third-party claim

---

[3] The court also properly denied Badr's motion to deem the October 28, 2018 notice timely filed. The October 28, 2018 notice was not timely because it was served more than ninety days after plaintiff's claim accrued, Jones, 230 N.J. at 157-58; Badr's late filing of the notice without the requisite leave of court was a nullity, Rogers, 208 N.J. at 427, Badr did not file a motion for leave to file the late notice within the one-year period permitted under N.J.S.A. 59:8-9, Jones, 230 N.J. at 157-58; and the court was "without authority to relieve [Badr] from [its] failure to have filed a timely notice of claim" because Badr did not timely move for leave to file a late notice in accordance with N.J.S.A. 59:8-9, Pilonero, 236 N.J. Super. at 532 (quoting Speer, 168 N.J. Super. at 255); see also J.P., 444 N.J. Super. at 529.

for contribution and common law indemnification against the public entity." 230 N.J. at 157-58.

In sum, and for the reasons noted, we affirm the court's orders dismissing Badr's third-party complaint against the City and denying Badr's motions for leave to file a late notice of claim and to deem the October 31, 2018 notice of claim timely. At trial, Badr shall be entitled to request that the jury allocate fault based on the alleged negligence of the City as permitted by the Court in Jones. See id. at 164-66. Any of Badr's arguments not expressly addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1099-19